Anthony Robbins, M.D. Executive Director Colorado Department of Health 4210 East 11th Avenue Denver, Colorado 80220
Dear Dr. Robbins:
By your letter of May 15, 1978, you have requested a formal Attorney General's opinion on the following question:
QUESTION PRESENTED AND CONCLUSION
Whether the Consumer Policy Board, established in connection with the administration of a federal grant for migrant health services, directs all administrative policy as to that federal program or whether it is limited to an advisory role on broad policies?
 My conclusion is that the Consumer Policy Board which is attached to the Migrant Health Program of the Colorado Department of Health, may enhance the administration of the federal grant by advising the Department in broad policy areas but is not responsible or empowered to direct administration policy for the Migrant Health Program.
ANALYSIS
We have reviewed (1) the federal regulations adopted by the Department of Health, Education and Welfare for grants for migrant health services, found at 42 C.F.R. Part 56; (2) the bylaws of the Consumer Policy Board which were adopted on October 31, 1975; (3) a resolution of the Colorado State Board of Health authorizing the establishment of the Project Policy Board on February 14, 1973; (4) another resolution of the State Board of Health of November 17, 1976, designating the Consumer Policy Board to continue serving the Department's Migrant Health Program in a policy-making capacity; and (5) a grant application of October 19, 1977 for federal migrant assistance. We have also reviewed applicable State statutes. We understand the Consumer Policy Board to be a successor to the Project Policy Board.
For the reasons stated below, we conclude that the Consumer Policy Board which is attached to the Migrant Health Program of the Colorado Department of Health, may enhance the administration of the federal grant by advising the Department in broad policy areas but is not responsible or empowered to direct administrative policy for the Migrant Health Program.
C.R.S. 1973, 25-1-108(1)(f) placed in the Board of Health the power to:
 accept and, through the division of administration
(of the department of health) use, disburse, and administer all federal aid or other property, services, and moneys allotted to the department for state and local public works or public health functions, or allotted without designation of a specific agency for purposes which are within the functions of the department; and to prescribe, by rule or regulation not inconsistent with the laws of this state, the conditions under which such property, services, or moneys shall be accepted and administered. (Emphasis added.)
Therefore, the Department must administer the federal grant.
Under Section 319 of the Public Health Service Act, as amended by Public Law 94-63, HEW is authorized to make certain grants for various migrant health programs and projects. The federal regulations at 42 C.F.R. Part 56 implement Section 319 and establish requirements for all grants under that section.
42 C.F.R. § 56.603(q) requires that all projects for the operation of a migrant health program supported by federal grant must:
 provide for . . . to the extent feasible, (the) establishment of an advisory council to advise with respect to the overall management of the project including services to be provided, the manner of their provision, and appointment of personnel. The membership of such advisory council shall be representative of the population to be served in terms of appropriate demographic characteristics, such as race, sex, and ethnicity. (Emphasis added.)
In this case, feasibility is somewhat limited by State law. As an example, the appointment of personnel would be governed by State Personnel Board regulations.
By its resolution of November 17, 1976, the State Board of Health evidently resolved to designate the then existing Consumer Policy Board of the Migrant Health Program to continue to serve the program "in a policy-making capacity as stated in the bylaws adopted October 31, 1975." Since we presume that the Board did not authorize the Consumer Policy Board to assume a role not permitted by legislation, we assume that it intended that the Department of Health, as the grantee, and as the body empowered to administer the grant under statute, would direct and administer the Migrant Health Program. The role of the Policy Board, as a condition of the migrant health grant, is advisory. The Board should be consulted whenever broad policies are implicated so that community participation is an element in the policies of the program.
SUMMARY
The Department of Health is the agency statutorily empowered to administer the federal grant for migrant health services. The Consumer Policy Board, required pursuant to the federal grant, has no authority to administer the grant but properly serves in an advisory capacity.
If you have any further questions, please feel free to call.
Very truly yours,
 J.D. MacFARLANE Attorney General
FEDERAL GRANTS HEALTH HEALTH PRODUCTS AND SERVICES ADMINISTRATIVE PROCEDURE
C.R.S. 1973, 25-1-108(1)(f)
42 U.S.C. § 247(d) as amended by Public Law 94-6342 C.F.R. 56.603(q)
HEALTH, DEPT. OF Cons. Protection Sect.
The Consumer Policy Board (successor of the Project Policy Board) in connection with the administration of a federal grant for migrant health services does not direct administrative policy concerning migrant health services but is limited to an advisory role. The Department of Health is responsible for administration of the federal grant.